IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES M. RAPER, JR.                                                    PLAINTIFF

v.                              Civil No. 1:22-cv-01030

LOUANNA ANDERSON and
BRUCE ANDERSON                                                      DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by James M. Raper, Jr., ADC # 663449, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  The case is before the Court for preservice screening.  Pursuant to 28 U.S.C. § 1915 (1996), the Court has the obligation to screen a complaint filed *in forma pauperis* and "shall dismiss the case at any time if the court determines that—(B) the action or appeal—(ii) fails to state a claim on which relief may be granted."

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case fails to state a claim on which relief may be granted and must be **DISMISSED.**

I.     **Background**:

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on February 15, 2022.  ECF No. 1.  His case was originally filed in the Eastern District of Arkansas and was subsequently transferred to the Western District of Arkansas.  *See* ECF No. 8.  This case was transferred on May 31, 2022. His application to proceed *in forma pauperis* was granted on June 2, 2022.  ECF No. 13.  Plaintiff

is currently incarcerated in the Arkansas Department of Correction – North Central Unit – in Calico Rock, Arkansas.

Plaintiff has named two Defendants in this action, Louanna Anderson and Bruce Anderson. ECF No. 2. They are both being sued in their official and personal capacities. *Id.* at 2. Plaintiff alleges Defendant Louanna Anderson is liable for forcing him to receive "oral fel[l]atio." *Id.* at 4. Even though Plaintiff names Defendant Bruce Anderson, Plaintiff does not allege any specific facts as to Defendant Bruce Anderson, other than he was Defendant Louanna Anderson's husband. Specifically, Plaintiff states the following:

> In 2006 I was forced to receive oral fel[l]atio from Louanna Anderson at a Casino in Tunica Miss. I neither wanted nor asked for this to occur. I was forced with the threat of loosing [losing] my job as a teacher and a football coach at the time. I was married with 3 small children. . . . I was told that a man could not be raped by a woman and that if I told anyone or if Ms. Anderson's husband found out my life and career would be over.

ECF No. 2 at 4.

Plaintiff is suing Defendants in their individual and official capacities. ECF No. 2 at 1-2. Plaintiff claims Defendant Louanna Anderson's official capacity is as a "Warren Lumberjacks Booster Club Member," and Plaintiff claims Defendant Bruce Anderson's official capacity is as a Bradley and Drew County District Court Judge. *Id.* Plaintiff is seeking the following damages:

> $10 million, civil rights and possible sex trafficking charges, letter of apology, [and] sanctions against all those involved.

ECF No. 2 at 6.

## II.   <u>Applicable Law</u>:

The Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous,

malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

III.     **Discussion:**

Plaintiff alleges Defendants Louanna and Bruce Anderson are liable for forcing "oral fel[l]atio" upon him.  ECF No. 2.  These claims against Defendants fail for three reasons.  First, Plaintiff has not demonstrated—or even alleged—that Defendants have deprived him "of any rights, privileges, or immunities secured by the Constitution and laws."  ECF No. 2.  Such an allegation or demonstration is required under 42 U.S.C. § 1983.  Plaintiff has not alleged any facts as to Defendant Bruce Anderson, other than that he is Defendant Louanna Anderson's husband.  Thus, Plaintiff's claim fails on this basis.

Second, Plaintiff has not demonstrated—or even alleged—that Defendants were acting under color of state law or that they conspired with any government official to violate Plaintiff's rights.  *Tower v. Glover,* 467 U.S. 914, 920 (1984) ("[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal

rights."). Indeed, the only "official capacity" claim against Defendant Louanna Anderson is in her capacity as a "Warren Lumberjacks Booster Club" member. As for Defendant Bruce Anderson, no facts are alleged against him—other than his status as Defendant Louanna Anderson's husband—and his status as an Arkansas state court judge. Such an allegation of state action or under color of state law is required to proceed under 42 U.S.C. § 1983.

Third and finally, even if Plaintiff had presented a valid claim, the incident in question allegedly occurred in 2006, and the statute of limitations has run as to any claim against Defendants. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations. *See, e.g., Wilson v. Garcia,* 471 U.S. 261, 275-80 (1985). In Mississippi, where this alleged injury occurred, there is a one-year statute of limitations for the intentional tort of assault. *See* Miss. Code Ann. § 15-1-35. Thus, Plaintiff must have brought this action by 2007 because the incident alleged occurred in 2006. Under Arkansas's more expansive three-year statute of limitations, the suit should have been brought no later than 2009. Accordingly, Plaintiff's case must be dismissed on this basis as well.

## IV. Conclusion:

For the foregoing reasons, this Court recommends Plaintiff's claims against Defendants Louanna Anderson and Bruce Anderson in their individual and official capacities be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this lawsuit "fails to state a claim upon which relief may be granted." The Court recommends the Motion for Service (ECF No. 4) and Motion for Status Update (ECF No. 7) be denied.

**The Court further recommends this dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 9th day of June 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE