IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES M. RAPER, JR.                                                                                      PLAINTIFF

v.                                            Civil No. 1:22-cv-1030

LOUANNA ANDERSON and
BRUCE ANDERSON                                                                                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on June 9, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 16). Judge Bryant conducted a preservice screening of Plaintiff James M. Raper, Jr.'s complaint and now recommends that the Court dismiss this case pursuant to 28 U.S.C. § 1915A. Plaintiff objects. (ECF Nos. 17).

### I. BACKGROUND

Plaintiff, an inmate in the Drew County Detention Center, filed this civil rights lawsuit on February 15, 2022, pursuant to 42 U.S.C. § 1983. He initially filed the case in the United States District Court for the Eastern District of Arkansas. The case was subsequently transferred to the Western District of Arkansas, El Dorado Division.

Plaintiff's complaint concerns events that allegedly took place before he was incarcerated. He alleges that in 2006, he was a teacher and football coach, and Defendant Louanna Anderson was a member of the Warren Lumberjacks booster club. He alleges that she forced him to receive oral sex at a casino in Tunica, Mississippi, under the threat of losing his job if he did not comply. He alleges that sometime afterwards, he reported what happened and was subsequently charged with an unspecified crime and Defendant Louanna Anderson's husband, Defendant Bruce Anderson, was the

judge who presided over the ensuing state district court case.  Plaintiff proceeds against Defendants in their individual and official capacities and seeks, *inter alia*, $10 million in damages.

Judge Bryant conducted a preservice screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and then issued the instant Report and Recommendation.  Judge Bryant recommends that the Court dismiss this section 1983 case without prejudice because Plaintiff has not alleged that Defendants acted under color of state law during the events at issue or that Defendants deprived him of any rights, privileges, or immunities secured by the Constitution and laws.  Judge Bryant also recommends that the case be dismissed alternatively as time barred by the applicable statute of limitations.  Plaintiff objects.

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  The Court applies a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).  A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made.

2

*See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

Plaintiff's objections do not engage with Judge Bryant's findings and recommendation or show any error of fact or law therein. Plaintiff does not address Defendant Bruce Anderson at all. Plaintiff concedes that Defendant Louanne Anderson was not a state actor during the alleged events, but states that he still wants to pursue legal claims against her. If section 1983 is not the appropriate way to do so, he asks the Court to mail him the "correct civil rights form" to pursue his case against her.

In the absence of specific objections, the Court finds no clear error on the face of the record with respect to Judge Bryant's recommendations and will adopt them. To the extent that Plaintiff asks the Court to send him an appropriate civil complaint form to pursue his claims in a new lawsuit, the Court cannot provide legal advice like what cause of action to assert. To the extent that Plaintiff seeks to amend his complaint here, that amendment would be futile for the reasons Judge Bryant explained regarding the statute of limitations, namely that because the alleged events happened in 2006, the statute of limitations for assault—either in Arkansas or Mississippi—lapsed sometime in 2009 at the latest.

### III.  CONCLUSION

Upon *de novo* review of all issues related to Plaintiff's specific objections and finding no clear error on the face of the record for all issues that were not objected to, the Court overrules Plaintiff's objections. The Report and Recommendation (ECF No. 16) is **ADOPTED** for the above-stated reasons. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of June, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge